■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL LEE JONES, Appellant.—Judgment unanimously affirmed. Memorandum: The suppression court properly denied defendant's motion to suppress the sneakers because the evidence at the hearing supports the court's finding that defendant voluntarily gave them to the police and that he was not in custody at the time. Once the police had information that the sneakers belonged to someone else, they were justified in retaining them.

The court did not abuse its discretion in denying defendant's motion to sever the several counts of the indictment alleging the commission of rapes and attempted rapes on different dates. Following his capture and arrest at the scene of the last attempted rape, defendant, in a signed statement, confessed to the commission of all of the rapes and attempted rapes. This confession and the events leading up to it were used to

support each of the counts of the indictment. Applications for severance are addressed to the trial court's sound discretion *(see,* CPL 200.20 [3]; *People v Lane,* 56 NY2d 1, 7; *People v Casiano,* 138 AD2d 892, 894, *lv denied* 72 NY2d 857). On his motion to sever, defendant did not make a convincing showing of his need to testify as to one count and to remain silent on the others, or that there was substantially more proof on one or more of the offenses and there was a substantial likelihood that the jury would be unable to consider separately the proof as it related to each offense *(see,* CPL 200.20 [3]).

In *People v Jenkins* (50 NY2d 981), the Court of Appeals held that the trial court did not abuse its discretion in refusing to sever counts charging two unrelated robberies of gasoline stations which occurred within three days of each other. In *People v DePass* (35 NY2d 858), it affirmed a conviction of four counts of robbery where the trial court denied defendant's motion for severance of the four counts and rejected defendant's contention that the court's joinder of the four separate counts deprived him of a fair trial. In *People v Casiano (supra),* the court upheld the consolidation of three separate incidents of rape and sodomy occurring three months apart.

We reject defendant's contention that the police unreasonably delayed defendant's arraignment for the purpose of depriving defendant of his right to counsel. The police were unable to question defendant until he was returned from the hospital at 6:00 A.M. The 6½-hour delay from 6:00 A.M. to 12:30 P.M., when defendant completed his statement to the police, was reasonable to permit the police to question defendant about the several crimes he allegedly committed. This delay was far short of the 24-hour delay we found to be unreasonable in *People v Cooper* (101 AD2d 1), and far short of the more than 24-hour delay in *People v Mosley* (135 AD2d 662, *lv denied* 71 NY2d 1030). (Appeal from judgment of Monroe County Court, Wisner, J.—burglary, first degree, and other charges.) Present—Callahan, J. P., Doerr, Boomer, Green and Davis, JJ.