■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN ROTH, Appellant.—Judgment of the Supreme Court, New York County (Jeffrey Atlas, J.), rendered May 11, 1987, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to an indeterminate prison term of 5 to 15 years and imposing a fine of $5,000, is unanimously affirmed.

Overwhelming circumstantial evidence showed that the defendant planned and oversaw an attack with razor blades by two other men on the complainant, leaving this formerly successful fashion model with a badly and permanently scarred face.

The trial court correctly quashed defendant's subpoena of unpublished or unbroadcast statements made by the complainant to the media. The defendant failed to sustain his initial burden of showing a factual predicate that would make it reasonably likely that the subpoenaed statements would contain relevant and exculpatory material *(People v Gissendanner,* 48 NY2d 543, 550). The determination of this court in *People v Korkala* (99 AD2d 161) is not to the contrary. There, the court required an in camera review of the subpoenaed materials only because there was a basis in the record to believe that they might contain relevant information. There is no such basis in this record.

The prosecutor was allowed to cross-examine the defendant

on an uncharged bad act involving his mother and of two involving a former lover. There were only three short questions, and the prosecutor accepted the defendant's blunt "no" answers. Prior to asking these questions, the prosecutor should have advised the court of her intentions *(People v Simpson,* 109 AD2d 461, 466, *appeal dismissed* 67 NY2d 1026). Further, the uncharged acts were excessively remote in time *(see, People v Cooke,* 101 AD2d 983, 984) and were of a nature that the jury should not consider on the issue of the defendant's credibility, since they might lead to inferences of his vicious tendencies and propensity to commit the crime charged *(see, People v Jones,* 108 AD2d 824, 826). Nonetheless, the defendant did not adequately preserve the issue for appellate review, having objected to the prosecutor's questions only on the ground that there was no good-faith basis for them. Also, the error must be deemed harmless in light of the overwhelming evidence against the defendant.

The defendant seeks reversal additionally, on the ground that the prosecutor's summation included a description of his defense as a "story", a "fabrication" worthy of a television soap opera, "incredible", and also on the prosecutor's allegedly injecting personalities into her summation. These contentions are not preserved as a matter of law and, therefore, we decline to reach them. Were we to consider them in the interest of justice, we would nonetheless affirm, finding them to be without merit.

We have reviewed the defendant's other arguments and find them to be without merit. Concur—Ross, J. P., Asch, Milonas, Kassal and Smith, JJ.