THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINTIN TORRES, Appellant.—Judgment unanimously affirmed. Memorandum: We find no merit to defendant's argument that the trial court permitted testimony that improperly bolstered the complainant's testimony. The complainant testified to certain statements she made to Sheriff's deputies upon their arrival at the scene of the rape. The only objection raised was that the statements were hearsay. We conclude

that those statements were admissible as evidence of a prompt complaint of rape *(see, Baccio v People,* 41 NY 265) or as an excited utterance or spontaneous declaration *(see, People v Acomb,* 87 AD2d 1, 9, *lv dismissed* 56 NY2d 1034).

As a general rule, testimony regarding the prompt complaint of rape by the victim may not include details of the incident, "unless the statements would qualify as spontaneous declarations, excited utterances or as a prior consistent statement made to bolster the witness's credibility in the face of a claim of recent fabrication" *(People v Riggio,* 144 AD2d 951, *lv denied* 73 NY2d 981; *see also, People v Knapp,* 139 AD2d 931, *lv denied* 72 NY2d 862). As this Court has observed: "Excited utterances, often characterized as spontaneous declarations, are admissible as an exception to the hearsay rule *(People v Edwards,* 47 NY2d 493, *supra; People v Caviness,* 38 NY2d 227; *People v Del Vermo,* 192 NY 470). Excited utterances are regarded as trustworthy because they are precipitated by a startling event and made in such proximity to the startling event that the declarant lacks the reflective capacity necessary for fabrication *(People v Edwards, supra).* Whether the utterance was made with the requisite spontaneity, i.e., with lack of opportunity for reflective capacity, is for the trial court to determine *(People v Marks,* 6 NY2d 67)." *(People v Acomb,* 87 AD2d 1, 9, *supra.)*

Here, the Sheriff's deputies were patrolling the park when they observed defendant and the complainant on the ground near a parked car. They then heard the complainant screaming that she was being raped. Defendant ran away, and the complainant ran to one of the deputies and told him what had happened. Under those circumstances, the statements complainant made to the deputy that defendant raped her, had been hitting her, and did not ejaculate, were properly received by the trial court. In our view, complainant's statements, beyond the mere complaint of rape, were precipitated by a startling event and were made with the requisite spontaneity so as to justify their admission into evidence *(see, People v Edwards,* 47 NY2d 493, *supra; People v Caviness,* 38 NY2d 227, *supra; People v Acomb, supra).*

With respect to the testimony of the gynecologist, we find that complainant's statement that she had been "roughed up" was properly admitted because that statement was relevant to the doctor's diagnosis and treatment *(see, People v Harris,* 132 AD2d 940). The doctor's testimony regarding the complainant's further statement, that "she met the assailant, and * * * he offered to give her a ride home", while not relevant

to diagnosis and treatment, was not prejudicial, and any error in its admission was harmless *(see, People v Crimmins,* 36 NY2d 230, 242). (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Sodomy, 1st Degree.) Present—Dillon, P. J., Callahan, Denman, Green and Lowery, JJ.