■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE ORTLIEB, Appellant. [607 NYS2d 786] —Judgment affirmed. Memorandum: On appeal from a judgment of conviction entered upon his plea of guilty to second degree murder, defendant contends that unnecessary delay in arraignment constituted a violation of his right to counsel, that his confession was involuntarily obtained, and that the sentence of 25 years to life was excessive.

Generally, prearraignment interrogation does not deprive a defendant of his right to counsel, except where police have caused an "undue" or unreasonable delay in arraigning defendant for the purpose of depriving him of his right to counsel (People v Jones, 152 AD2d 984, 985, lv denied 74 NY2d 812; see, People v Di Fabio, 134 AD2d 918, 918-920, appeal dismissed 72 NY2d 949; see generally, People v Wilson, 56 NY2d 692; People v Edgerton, 115 AD2d 257, 259, lv denied 67 NY2d 882). We conclude that the 3½ hour delay in arraigning defendant in this case was not unreasonable or undue (see, People v Jones, supra [delay of at least 6½ hours held not to be unreasonable]; People v Di Fabio, supra [9 hours]; People v Dobranski, 112 AD2d 541, 542, lv denied 66 NY2d 614 [at least 8 hours]; People v Williams, 112 AD2d 259, 260, lv denied 66 NY2d 923 [12½ hours]). The circumstances in this case are far less egregious than in those cases finding a deprivation of defendant's right to counsel based on a lengthy delay in arraignment (see, People v Mosley, 135 AD2d 662, lv denied 71 NY2d 1030 [40 hours]; People v Cooper, 101 AD2d 1 [24 hours]; People v Jones, 87 AD2d 761, 762 [20 hours]). In the circumstances presented here, it was permissible for police to postpone arraignment briefly for the purpose of questioning defendant about the crime (see, People v Jones, 152 AD2d 984, 985, supra; People v Di Fabio, supra).

Similarly, we reject the contention that defendant's confession was involuntary under the Fifth Amendment. "[A]bsent extraordinary circumstances, a delay in arraignment is but a factor to consider on an issue of underlying involuntariness" (People v Hopkins, 58 NY2d 1079, 1081). There is no basis on this record for defendant's contention that, under the " 'totality of the circumstances' " (People v Anderson, 42 NY2d 35, 38), defendant's will was overborne. We conclude

that the circumstances of defendant's interrogation were not
" 'inherently coerc[ive]' " *(People v Anderson, supra,* at 38).

Defendant's challenge to the severity of the sentence is
without merit.

All concur except Callahan, J. P., and Doerr, J., who dissent
and vote to reverse in the following Memorandum.

Callahan, J. P., and Doerr, J. (dissenting). We agree with
the contention that there was unnecessary delay in arraigning
defendant and that the purpose of the delay was to deprive
him of his right to counsel so that the police could obtain an
uncounseled confession. Where the police make an arrest
without a warrant, they are bound to bring the accused before
a local criminal court and file an appropriate accusatory
instrument "without unnecessary delay" (CPL 140.20 [1]; *see,
People v Cooper,* 101 AD2d 1, 9).

Defendant was apprehended and placed under arrest at
approximately 7:00 A.M. on the morning of March 29, 1992.
Defendant arrived at the Public Safety Building sometime
between 8:00 and 8:30 A.M. He was advised of his *Miranda*
rights at about 9:00 A.M. and agreed to talk with the Deputy
Sheriff without an attorney present. Defendant made a writ-
ten statement that concluded at 12:15 P.M. He was arraigned
sometime after 1:00 P.M. On cross-examination at a pretrial
*Huntley* hearing by defendant's attorney the Deputy testified:

"Q. Any particular reason why he wasn't brought for an
arraignment prior to that time?

"A. I don't know of none, no.

"Q. Any reason why he wasn't taken for arraignment at
9:30?

"A. No. We wanted to talk to him.

"Q. You wanted to talk to him, yet he was already under
arrest for murder, is that correct?

"A. Yes."
The court denied defendant's motion to suppress his state-
ment.

Undue delay in filing an accusatory instrument is "prima
facie a suspect circumstance suggesting that the delay may
have been for the purpose of depriving the accused of counsel"
and the prosecution has "the burden to explain and offer proof
* * * why the opportunity to so have counsel * * * was not
afforded" *(People v Blake,* 35 NY2d 331, 340). Although the
3½ hour delay in arraigning defendant was far short of the 24
hour delay we found to be unreasonable in *People v Cooper*

*(supra),* nevertheless, the record establishes that the sole purpose of the delay was because the police "wanted to talk to him". Therefore, we conclude that the court erred in denying defendant's motion to suppress. (Appeal from Judgment of Lewis County Court, Merrell, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Pine, Lawton, Doerr and Boehm, JJ.