■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY PEAK, Appellant. [626 NYS2d 605] —Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to felony murder and burglary in the first degree, based upon his unlawful entry into the residence of an elderly couple and the death of the husband, who sustained a fatal heart attack during the altercation. Defendant contends that his statements to police should have been suppressed because the police purposefully delayed his arraignment on a misdemeanor warrant in order to interrogate him concerning the felony murder. We disagree.

The police commenced interrogation of defendant concerning the burglary and homicide at about 7:35 P.M. on May 9, 1991. Defendant initially denied any involvement and agreed to submit to a polygraph examination, which was scheduled for 9:30 P.M. At about 8:45 P.M., the detective was informed that there was an outstanding misdemeanor warrant for defendant. When the detective apprised defendant of that fact, defendant responded that the matter was supposed to have been taken care of in exchange for information he was to provide. Defendant took the polygraph examination, which concluded at 11:19 P.M. He was transported back to the police station and told that the examination revealed that he was lying. Defendant called his sister, signed a Miranda waiver

form, was questioned about the burglary and homicide, and signed a written statement at 12:55 A.M. on May 10 implicating someone named "Danny" as the person who entered the victims' home. The detective then typed the statement and defendant signed it at 2:25 A.M. Defendant was arrested, booked and taken to a holding cell. At 8:30 A.M. defendant asked to talk with the detective, indicating that he could get the victims' jewelry back. He made a phone call to arrange for the stolen jewelry to be picked up, and at 10:15 A.M., signed another written statement. Defendant was then arraigned.

A delay in arraignment is merely one factor to consider on an issue of underlying involuntariness *(People v Hopkins,* 58 NY2d 1079, 1081). There is no proof that the circumstances of defendant's questioning were inherently coercive *(see, People v Anderson,* 42 NY2d 35; *People v Ortlieb,* 201 AD2d 865, *affd* 84 NY2d 989). Further, we reject defendant's contention that the police purposefully delayed arraignment for the purpose of depriving defendant of his right to counsel. The police became aware of the misdemeanor warrant after questioning regarding the burglary and homicide had commenced and after the polygraph examination had been scheduled. By conducting that scheduled examination and the subsequent related questioning of defendant for slightly more than four hours after learning of the warrant, the police did not unreasonably delay arraignment for the purpose of depriving defendant of his right to counsel *(see, People v Ortlieb, supra).* Defendant initiated questioning the following morning. Thus, it was not undertaken by the police for the purpose of depriving defendant of his right to counsel.

Defendant also contends that his statement made after 8:30 A.M. on May 10 should have been suppressed because his right to counsel attached when the felony complaint was filed earlier that morning. That contention was raised for the first time at oral argument, and the record fails to reveal whether the felony complaint was filed before defendant made that statement, thereby precluding appellate review *(see, People v Kinchen,* 60 NY2d 772, 773-774; *People v Charleston,* 54 NY2d 622, 623).

Likewise without merit is defendant's contention that the sentence is unduly harsh or severe. (Appeal from Judgment of Oneida County Court, Murad, J.—Murder, 2nd Degree.) Present—Green, J. P., Fallon, Wesley, Callahan and Balio, JJ.