■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY CAINES, Appellant. [634 NYS2d 94] —Judgment, Supreme Court, Bronx County (Elbert Hinkson, J.), rendered July 3, 1990, convicting defendant, after a jury trial, of murder in the second degree and assault in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 25 years to life and 5 to 15 years, unanimously affirmed.

We find the evidence of guilt to be legally sufficient, and, indeed, overwhelming. Although the trial court improperly limited the cross-examination of one of the People's main witnesses by precluding cross-examination regarding the underlying facts of a youthful offender adjudication for armed robbery, the court did permit cross-examination regarding the witness's subsequent conviction for armed robbery while on bail in connection with the youthful offender case, the witness's entry of a guilty plea to criminal mischief in satisfaction of a charge of criminal possession of a stolen car, and the fact of pending charges against the witness involving possession of drugs with intent to sell. The error was thus harmless, both because of the overwhelming evidence, and because the jurors heard extensive testimony regarding the witness's criminal history and alleged bad acts. Further exploration of his youthful offender adjudication would have had no significant impact on their ability to properly assess the witness's general credibility (*see, People v Allen*, 67 AD2d 558, 560-561, *affd* 50 NY2d 898, 899; *see also, People v Chin*, 67 NY2d 22, 28-29). In all other respects, the trial court appropriately exercised its discretion in limiting

cross-examination to issues properly before the jury (*People v Sorge*, 301 NY 198, 201-202).

Defendant's current claim that he was unduly prejudiced by a police witness's inadvertent reference to defendant's "past criminal history" is unpreserved by appropriate and timely objection (*People v Roth*, 157 AD2d 494, 495, *lv denied* 75 NY2d 924). In any event, as the reference was inadvertent, brief, and vague, the overwhelming evidence against defendant renders the error harmless (*People v Cook*, 42 NY2d 204, 208-209).

We perceive no abuse of discretion in sentencing.

We have considered defendant's additional claims of error and find each claim to be both unpreserved and without merit. Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Williams, JJ.