THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES McDANIEL, Appellant, v VICTOR HERBERT, as Superintendent of Collins Correctional Facility, et al., Respondents. [639 NYS2d 239] Memorandum: Relator challenges the computation by the Board of Parole of delinquent time owed in its final declaration of delinquency. Because that issue could have been raised in an administrative appeal (see, 9 NYCRR 8006.3) and relator has not demonstrated that he has exhausted his administrative remedies with respect to it, habeas corpus relief is not available (see, 9 NYCRR part 8006; People ex rel. Woods v McGreevy, 191 AD2d 938, 940). (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.—Habeas Corpus.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Boehm, JJ.

In the Matter of Estate of LAURA H. BUCKLIN, Deceased. LUCILLE JACKSON, Appellant; KELLY C. ORMSBY, Respondent. [639 NYS2d 767] Present—Lawton, J. P., Fallon, Callahan, Doerr and Boehm, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRICO ROBINSON, Appellant. [639 NYS2d 635] Memorandum: Defendant forfeited any challenge to the adequacy of the People's CPL 710.30 notice when, instead of moving to preclude, he moved for suppression and Supreme Court, after a *Huntley* hearing, refused to suppress (see, People v Jackson, 200 AD2d 856, 858, lv denied 83 NY2d 872). In any event, review of that issue is precluded by defendant's failure to include the CPL 710.30 notice in the stipulated record (see, People v Velez, 223 AD2d 414; People v Calderon, 223 AD2d 380; People v Peak, 214 AD2d 1012, lv denied 86 NY2d 800). The testimony of a police witness that defendant made oral statements not set forth in his written statements does not establish that those oral statements were made involuntarily, and the court properly refused to suppress those statements. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Criminal Possession Weapon, 3rd Degree.) Present—Pine, J. P., Wesley, Balio, Davis and Boehm, JJ.