THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAD SANTMYER, Appellant. [648 NYS2d 69] —Judgment unanimously affirmed. Memorandum: County Court properly exercised its discretion in excluding evidence of the complainant's prior sexual encounter with another prosecution witness (see, CPL 60.42 [5]; People v Baldwin, 211 AD2d 638, lv denied 85 NY2d 935). The court properly permitted the prosecutor to question defendant about a previous assault conviction after defendant "opened the door" to such inquiry by testifying that he was not a violent person (see, People v Rios, 166 AD2d 616, 618, lv denied 77 NY2d 842). Defendant bore the burden of seeking an advance ruling on the admissibility of that conviction for purposes of impeachment (see, People v Matthews, 68 NY2d 118, 123) and any delay in the court's Sandoval ruling is attributable to defendant's failure to inform the court of the conviction (see, People v Sandoval, 34 NY2d 371, 378). Defendant's challenge to the integrity of the Grand Jury proceeding (see, CPL 210.35 [5]) was not timely (see, CPL 255.20 [1], [3]). Defendant received meaningful representation (see, People v Satterfield, 66 NY2d 796, 798-799). The sentence imposed is not unduly harsh or severe. Defendant's remaining contentions are not preserved for our review (see, CPL 470.05 [2]), and we decline to exercise our power to address them as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). (Appeal from Judgment of Herkimer County Court, Kirk, J.—Rape, 1st Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY COX, Appellant. [648 NYS2d 380] —Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Assault, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.