■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SMITH, JR., Appellant. [652 NYS2d 440] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that Supreme Court erred in denying his motion to suppress. The court properly concluded that defendant voluntarily accompanied the police to the station and was not thereafter detained without probable cause. The test for whether a person is in custody is an objective one, the relevant inquiry being "what a reasonable man, innocent of any crime, would have thought had he been in the defendant's position" (*People v Yukl*, 25 NY2d 585, 589, *mot to amend remittur denied* 26 NY2d 845, *rearg denied* 26 NY2d 883, *cert denied* 400 US 851; *see, People v Centano*, 76 NY2d 837). Defendant was not handcuffed at any time, was given food and drink throughout the morning and his initial questioning was investigatory rather than accusatory in nature (*see, People v Centano, supra*, at 838). The questioning did not become accusatory until defendant was positively identified by the victim at 9:30 A.M. that morning. Defendant's brief period of detention prior to that time was not custodial (*see, People v Rivas*, 214 AD2d 996, *lv denied* 86 NY2d 801). Therefore, neither the lineup identification nor the physical evidence obtained was the direct or indirect product of an unlawful arrest (*cf., Dunaway v New York*, 442 US 200).

We further reject the contention of defendant that the delay in arraignment was calculated to deprive him of his right to counsel. Defendant was arrested at 1:00 P.M. and arraigned at 7:00 P.M. The delay of approximately six hours was not unreasonable (*cf., People v Cooper*, 101 AD2d 1). Prior to arraignment, the police obtained and executed a search warrant and placed defendant in a lineup. The mere acquisition of the search warrant "did not trigger defendant's indelible right to counsel" prior to arraignment (*People v Antinore*, 154 AD2d 920; *see, People v Avincola*, 162 AD2d 288, *lv denied* 76 NY2d 937).

Finally, there is no merit to defendant's contention that the lineup was unduly suggestive. "There is no requirement * * * that a defendant in a lineup be surrounded by people nearly identical in appearance" (*People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833). (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Attempted Robbery, 2nd Degree.) Present—Denman, P. J., Fallon, Wesley, Balio and Davis, JJ.