■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL A. TORRES, JR., Appellant. [667 NYS2d 581] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of felony murder, intentional manslaughter, robbery and other crimes arising out of defendant's

shooting of a store clerk during an armed robbery of a delicatessen in Syracuse. Defendant contends that Supreme Court erred in failing to suppress his statements as involuntary; that the court erred in its supplemental charge to the jury on the issue of coercion; that the verdict is against the weight of the evidence; and that the sentence of 25 years to life is unduly harsh and severe.

The evidence at the suppression hearing supports the court's determination that defendant waived his rights and made his statement knowingly, voluntarily and intelligently (*see, People v Smith*, 217 AD2d 221, 232-234, *lv denied* 87 NY2d 977; *see generally, People v Anderson*, 42 NY2d 35, 38-39; *People v Yukl*, 25 NY2d 585, 588, *mot to amend remittitur denied* 26 NY2d 845, *rearg denied* 26 NY2d 883, *cert denied* 400 US 851). Police officers testified, without contradiction, that they went to the home of defendant and obtained his and his mother's permission to question defendant. At the outset of the interview, the officers read the *Miranda* warnings to defendant, who speaks English and has a 10th grade education. The officers obtained a verbal response from defendant following each warning, and indicated each response on the form, which defendant initialed and signed. The officers then questioned defendant for several hours. The officers testified that defendant was cooperative throughout, was not threatened, received no promises, was offered food, drink, cigarettes and an opportunity to use the bathroom, and never asked for a lawyer or for questioning to stop. After defendant admitted his involvement in the crime, the officers asked if he would sign a written confession, and defendant said that he would. The typed confession elaborates on the circumstances surrounding the interrogation as well as the facts of the crime. Defendant was given the opportunity to make corrections or add anything of substance; he initialed his corrections and signed the statement after it had been read back to him. Thereafter, defendant was interviewed on videotape. The videotaped interview, like the typewritten confession, recaps the interrogation. On the videotape, as in the typewritten confession, defendant admits that he had been treated fairly by the officers and that the interrogation had taken place as testified to by the officers at the suppression hearing.

The court did not err in its supplemental charge to the jury; the court responded directly and appropriately to the jury's question concerning the effect of "coercion" upon the voluntariness of defendant's confession. The court properly construed that question as pertaining to use or threats of force and did

not err in refusing to go beyond that subject (*cf., People v Weinberg*, 83 NY2d 262, 267-268; *People v Almodovar*, 62 NY2d 126, 131-132). We note that the jurors appeared satisfied with the court's supplemental charge; they expressed no confusion and did not request further information or clarification (*see, People v Almodovar, supra*, at 132; *People v Malloy*, 55 NY2d 296, 303, *cert denied* 459 US 847).

The verdict is not against the weight of the evidence. Defendant's guilt is established by the accomplice testimony and by defendant's written and videotaped confessions. As a counterweight to that evidence, defendant points only to inconsistencies in his statement and minor discrepancies in the testimony. This is not a case in which the jury "has failed to give the evidence the weight it should be accorded" (*People v Bleakley*, 69 NY2d 490, 495).

We have considered defendant's challenge to the severity of the sentence and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.