■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK MASTIN, Appellant. (Appeal No. 1.) [690 NYS2d 801] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of three counts each of murder in the second degree (Penal Law § 125.25 [3]) and manslaughter in the second degree (Penal Law § 125.15 [1]) and one count of arson in the first degree (Penal Law § 150.20), all arising from a fire that killed defendant's three children. Defendant was sentenced to concurrent indeterminate terms of incarceration, the longest of which are 25 years to life. Defendant also appeals from a postjudgment order denying his motion to vacate the conviction on the grounds of fraud and newly discovered evidence (*see,* CPL 440.10 [1] [b], [c], [g]).

Defendant contends that his statements should have been suppressed as involuntary and on the ground that he was deprived of his right to counsel as a result of undue delay in arraignment; that County Court should have admitted evidence concerning defendant's wife's acts and threats of violence towards the children; that the court erred in excluding polygraph evidence from the *Huntley* hearing and trial; that the court improperly prohibited cross-examination of a prosecution witness concerning a pending criminal charge; that the court erred in excluding evidence of a conversation between defendant and his father; that the failure of police to videotape the interrogation entitled the defense to a missing evidence charge; that the court erred in denying the defense a missing witness charge for the People's failure to call defendant's wife; that the prosecutor was guilty of misconduct in violating the court's *Sandoval* ruling; and that the court should have vacated the conviction and ordered a new trial on the grounds of fraud and newly discovered evidence.

The court properly denied the motion to suppress defendant's statements. The record of the *Huntley* hearing establishes that the statements were not elicited by coercion or other improper

tactics that resulted in defendant's will being overborne or defendant's capacity for self-determination being critically impaired (*see, People v Anderson*, 42 NY2d 35, 38, 41). The length of the interrogation was not such as to deprive defendant of due process (*see, People v Tarsia*, 50 NY2d 1, 12-13; *People v Corey*, 233 AD2d 773, 774, *lv denied* 89 NY2d 984; *People v Garcia*, 216 AD2d 319, *lv denied* 86 NY2d 842). Nor did police treatment of defendant render the statements involuntary. The prosecution witnesses, whose testimony the suppression court and jury were entitled to credit (*see, People v Prochilo*, 41 NY2d 759, 761; *People v Turcotte*, 252 AD2d 818, *lv denied* 92 NY2d 1054), testified that defendant was cooperative throughout the interrogation, never asked that questioning cease, and never asked for counsel (*see, People v Torres*, 245 AD2d 1124, 1125, *lv denied* 91 NY2d 978). Police furnished defendant with lunch, beverages, cigarettes and rest room breaks (*see, People v Tarsia, supra*, at 12; *People v Concepcion*, 257 AD2d 463).

We reject the contention that defendant's statements were rendered involuntary by the fact that interrogators told defendant that he had failed a polygraph. There was no showing that police lied about the polygraph or its results (*see, People v Sobchik*, 228 AD2d 800, 802; *People v Deskovic*, 201 AD2d 579, 579-580, *lv denied* 83 NY2d 1003). In any event, such stratagems, even when they involve some guile on the part of police, do not ordinarily deprive a defendant of due process (*see, People v Tarsia, supra*, at 10-12; *People v Sobchik, supra*, at 802; *People v Deskovic, supra*, at 579-580; *People v Sohn*, 148 AD2d 553, 555-556, *lv denied* 74 NY2d 747; *People v Henry*, 132 AD2d 673, 674-675). Further, police did not make any promises or threats that would have induced a false confession (*see, People v Huntley*, 259 AD2d 843; *People v Richardson*, 202 AD2d 958, 958-959, *lv denied* 83 NY2d 914).

We reject the contention that the statements should have been suppressed on the ground that defendant was deprived of his right to counsel. The delay in arraignment, which took place five hours after defendant first admitted setting the fire, was not undue, unnecessary or unreasonable (*see, People v Smith*, 234 AD2d 946, *lv denied* 89 NY2d 1041; *People v Jones*, 152 AD2d 984, 985, *lv denied* 74 NY2d 812; *People v Di Fabio*, 134 AD2d 918, 919-920, *appeal dismissed* 72 NY2d 949; *People v Dobranski*, 112 AD2d 541, 542, *lv denied* 66 NY2d 614). Additionally, there is no proof that the delay was for the purpose of depriving defendant of his right to counsel (*see, People v Ortlieb*, 84 NY2d 989, 990, *affg* 201 AD2d 865; *People v Smith, supra*, at 946).

The court did not err in excluding evidence concerning defendant's wife's mistreatment of the children. Such evidence was collateral and conjectural and would have diverted the jury from the question of defendant's guilt or innocence (*see, People v Fagan*, 215 AD2d 686, *lv denied* 86 NY2d 794; *People v Veras*, 182 AD2d 729, 730, *lv denied* 80 NY2d 897; *People v Martinez*, 177 AD2d 600, 601-602, *lv denied* 79 NY2d 829; *cf., People v Mason*, 186 AD2d 984, *lv denied* 81 NY2d 791). The court likewise properly refused to admit the polygraph evidence (*see, People v Angelo*, 88 NY2d 217, 223; *People v Shedrick*, 66 NY2d 1015, 1018, *rearg denied* 67 NY2d 758).

The court erred in precluding cross-examination of a prosecution witness concerning a pending criminal charge (*see, People v Caines*, 221 AD2d 278, *lv denied* 88 NY2d 845; *People v Parsons*, 112 AD2d 250, 250-251, *lv denied* 71 NY2d 1031; *cf., People v Avery*, 161 AD2d 497, 498; *see generally, People v Sorge*, 301 NY 198, 201). Nonetheless, the error is harmless. The witness was cross-examined extensively concerning his criminal record, and proof of one additional charge would have been cumulative and would not have incrementally affected the jury's evaluation of credibility (*see, People v Caines, supra,* at 278; *People v Allen*, 67 AD2d 558, 559-560, *affd* 50 NY2d 898). Moreover, the evidence of defendant's guilt, including defendant's statements and the circumstances surrounding the fire, is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see, People v Parsons, supra,* at 251; *see also, People v Crimmins*, 36 NY2d 230, 241-242).

The court also erred in excluding evidence of statements made by defendant to his father. Those statements were not offered for their truth, but for the fact that they were made (*see,* Prince, Richardson on Evidence § 8-104 [Farrell 11th ed]; *see also, People v Huertas*, 75 NY2d 487, 491-492; *People v King*, 217 AD2d 909, 910, *lv denied* 87 NY2d 847). However, that error also is harmless (*see, People v Bruner*, 222 AD2d 738, 739, *lv denied* 88 NY2d 981).

The prosecutor was not guilty of misconduct for questioning defendant in disregard of the *Sandoval* ruling. By asserting that he is a nonviolent person, defendant opened the door to cross-examination concerning prior violent acts (*see, People v Santmyer*, 231 AD2d 956, citing *People v Rios*, 166 AD2d 616, 618, *lv denied* 77 NY2d 842; *see also, People v Fardan*, 82 NY2d 638, 645-646; *People v Wilkins*, 239 AD2d 105, *lv denied* 90 NY2d 899).

We have reviewed defendant's remaining contentions, includ-

ing those raised on the appeal from the order denying the CPL article 440 motion, and conclude that they are without merit. (Appeal from Judgment of Ontario County Court, Harvey, J.— Murder, 2nd Degree.) Present—Denman, P. J., Hayes, Wisner, Hurlbutt and Callahan, JJ.