■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. CALEB, Appellant. [710 NYS2d 263] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of, *inter alia,* sodomy in the second degree (Penal Law § 130.45) and sexual abuse in the first degree (Penal Law § 130.65 [1]), defendant contends that he was denied effective assistance of counsel. Isolated errors, misjudgments or losing tactics by defense counsel should not be confused with true ineffectiveness and will not result in reversal of the judgment of conviction (*see, People v Flores,* 84 NY2d 184, 186-187; *People v Rivera,* 71 NY2d 705, 708-709; *People v Baldi,* 54 NY2d 137, 146-147). "[T]he evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi, supra,* at 147; *see, People v Wallace,* 259 AD2d 978, *lv denied* 93 NY2d 981).

Defendant further contends that he was denied a fair trial by prosecutorial misconduct in the opening statement and on summation. The majority of the instances of alleged misconduct are unpreserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of

discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). With regard to those instances of alleged misconduct to which defendant objected, we conclude that they were not so improper or inflammatory as to deny defendant a fair trial.

We have considered defendant's challenge to the severity of the sentence and conclude that it is without merit. (Appeal from Judgment of Niagara County Court, Fricano, J.—Sodomy, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Kehoe and Lawton, JJ.