■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE SPIRLES, Appellant. [713 NYS2d 434] —Judgment unani-

mously affirmed. Memorandum: On appeal from a judgment convicting him of four counts of robbery in the first degree (Penal Law § 160.15 [2], [4]) and two counts of grand larceny in the fourth degree (Penal Law § 155.30 [5]), defendant contends that County Court erred in allowing him to represent himself at trial and in denying defendant's subsequent request for substitute counsel. We disagree. Respect for the autonomy of a defendant requires a court to allow him to represent himself provided that he makes an unequivocal and timely request to do so; voluntarily, knowingly, and intelligently waives his fundamental right to counsel; and apparently is not seeking merely to prevent the fair and orderly disposition of the case (see, Faretta v California, 422 US 806, 835-836; People v Vivenzio, 62 NY2d 775, 776; People v Sawyer, 57 NY2d 12, 21, rearg dismissed 57 NY2d 776, cert denied 459 US 1178; People v McIntyre, 36 NY2d 10, 17). The court must undertake a sufficiently searching inquiry in order to ascertain that defendant understands the value of legal representation and the dangers and disadvantages of representing himself (see, People v Smith, 92 NY2d 516, 520-521; People v Slaughter, 78 NY2d 485, 491; People v Sawyer, supra, at 21). Here, the court conducted a sufficient inquiry into the factors relevant to defendant's waiver (see generally, People v Smith, supra, at 520-521) and strongly advised defendant about the benefits of having counsel and the dangers and disadvantages of defendant's proceeding pro se. Despite that advice, defendant repeatedly and unequivocally insisted on representing himself, and thus the court had no choice but to accept defendant's waiver of the right to counsel and allow defendant to proceed pro se (see, People v Bates, 249 AD2d 929; People v Edwards, 140 AD2d 959, lv denied 72 NY2d 918, 1045).

Late in the trial defendant asked to be represented by counsel for the remainder of the proceedings, but objected to being represented by the Public Defender who originally was assigned to defendant and who served as his standby counsel at the court's request. Under those circumstances, the court was justified in denying defendant's request for new counsel. There is no indication in the record that the appointment of substitute counsel was warranted (see, People v Sides, 75 NY2d 822, 824; People v Sawyer, supra, at 18-19), and thus the request must be viewed as a delaying tactic (see, People v Gayle, 167 AD2d 927, lv denied 77 NY2d 838).

Contrary to defendant's contention, the court did not err in allowing the victim to make an in-court identification of defendant in the absence of proof of an independent basis. Here,

there was no pretrial identification procedure and no colorable claim of suggestiveness. Consequently, there was no need for the People to establish an independent basis for the admission of such testimony (*cf., People v Morales,* 228 AD2d 704, *lv denied* 88 NY2d 1070; *People v Medina,* 208 AD2d 771, *lv denied* 84 NY2d 1035).

Defendant's challenges to the prosecutor's comments on summation are unpreserved for our review (*see, People v Caleb,* 273 AD2d 881). In any event, the comments, considered in context, were not so inflammatory or improper as to deny defendant a fair trial (*see, People v Caleb, supra; People v Tobias,* 273 AD2d 925).

The court did not err in receiving in evidence a bullet recovered from the crime scene. The bullet was relevant to establish circumstantially the aggravating element of robbery that the perpetrator was armed with or displayed a deadly weapon (*see,* Penal Law § 160.15 [2], [4]). Moreover, the victim's testimony established the identity and unchanged condition of the bullet, thus establishing an adequate foundation for its admission (*see, People v Lathigee,* 254 AD2d 687, *lv denied* 92 NY2d 1034; *People v Vasquez,* 143 AD2d 525, *lv denied* 73 NY2d 860; *see generally, People v Julian,* 41 NY2d 340, 343).

The court properly determined that defendant's statement was not elicited in violation of the right to counsel and thus properly denied suppression. The evidence does not support the contentions of defendant that he was interrogated for nine hours after a felony complaint had been filed and an arrest warrant issued. Moreover, the record does not demonstrate that defendant's arraignment was unduly or unnecessarily delayed, let alone that police deliberately postponed the arraignment in order to circumvent defendant's right to counsel (*see, People v Mastin,* 261 AD2d 892, 893, *lv denied* 93 NY2d 1022; *People v Smith,* 234 AD2d 946, *lv denied* 89 NY2d 1041).

We have considered defendant's challenge to the severity of the sentence and conclude that it is without merit. (Appeal from Judgment of Monroe County Court, Smith, J.—Robbery, 1st Degree.) Present—Green, J. P., Pine, Wisner, Kehoe and Balio, JJ.