■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN D. REID, Appellant. [722 NYS2d 848] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of rape in the first degree (Penal Law § 130.35 [1]) and sexual abuse in the first degree (Penal Law § 130.65 [1]) in connection with an incident involving a former girlfriend. Defendant did not preserve for our review his contentions with respect to the testimony of the examining physician (*see*, CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

Defendant further contends that he was denied a fair trial by alleged prosecutorial misconduct. We conclude that, although the prosecutor engaged in misconduct in seeking to impeach defendant by questioning him on cross-examination concerning his failure to support an out-of-wedlock child who was "on welfare" (*see, Gutierrez v City of New York*, 205 AD2d 425, 427), that misconduct did not deny defendant a fair trial (*see, People v Caleb*, 273 AD2d 881, 881-882, *lv denied* 95 NY2d 864). The other alleged instances of prosecutorial misconduct are not preserved for our review (*see*, CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The victim's testimony was not incredible as a matter of law (*see, People v Bell*, 234 AD2d 915, 915-916, *lv denied* 89 NY2d 1009), and the conflicting testimony raised issues of credibility for the jury to resolve (*see, People v Lopez*, 231 AD2d 934, 935). (Appeal from Judgment of Erie County Court, DiTullio, J.—Rape, 1st Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.