■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID D. THOMAS, Appellant. [725 NYS2d 102] —Cardona, P. J. Appeal from a judgment of the County Court of Rensselaer County (Czajka, J.), rendered December 3, 1999, upon a verdict convicting defendant of the crime of aggravated criminal contempt.

Following a jury trial, defendant was convicted of aggravated criminal contempt stemming from an April 30, 1999 incident in which he caused injury to his wife in violation of an order of protection. Defendant was sentenced as a second felony offender to a prison term of 3½ to 7 years. He argues on this appeal that County Court erred when it permitted Mark Sullivan, a hospital physician's assistant, to testify to a statement made by the victim. Before the witness testified concerning what the victim told him, the following occurred:

"Q. Okay, Let me turn your attention to April 30th, 1999.

"Do you recall that date?

"A. Yes, I do."

[sidebar]

"MR. MOLLOY [Defense Counsel]: Judge, my concern is that I anticipate [the prosecutor's] questions that the question may essentially be what happened, that for this witness to answer that, you know, that she was assaulted by her husband, and I think it's hearsay.

"THE COURT: Phrase your questions artfully. I'll hear any objections as they're made."

[end of side bar]

"THE COURT: Mr. Sullivan, listen very carefully to the questions you're asked and answer the questions only. Don't volunteer any information beyond that answer, okay?"

The questioning by the prosecution then continued:

"Q. Thank you. Mr. Sullivan, what did you do when [defendant's wife] came to St. Mary's Hospital on that day, April 30?

"A. I took a history and examined her.

"Q. Why did you take a history from her?

"A. Because a patient telling you what happened to him [or her] helps you get to the bottom of what's wrong with [him or her].

"Q. Is it necessary for a medical decision and treatment to take a history from the patient?

"A. Yes.

"Q. Did you in fact take a history from [defendant's wife] April 30, 1999?

"A. Yes.

"Q. What was that history?

"A. She stated that she had been punched and choked by her husband.

"MR. MOLLOY: Objection, Your honor.

"THE COURT: * * * there is adequate foundation that the history was necessary for the provision of treatment. Therefore, the objection is overruled, ladies and gentlemen."

Initially, we note that, contrary to the People's argument, defense counsel's objection at trial to the admission of the statement on hearsay grounds was adequate to preserve this point for appellate review (see, CPL 470.05). Turning to the merits, generally, "a statement * * * not made in the course of the trial in which it is offered, is hearsay if the statement is offered for the truth of the fact asserted in it" (Prince, Richardson on Evidence § 8-101, at 497 [Farrell 11th ed]; see, People v Huertas, 75 NY2d 487, 491-492). Hearsay evidence must be excluded upon proper objection unless admissible under one of the many recognized exceptions. In that regard, we note that "[a] treating physician may testify to the history obtained from the patient if it is germane to diagnosis and treatment" (Scott v Mason, 155 AD2d 655, 657; see, Davidson v Cornell, 132 NY 228, 236-238; People v Torres, 175 AD2d 635, 636, lv denied 78 NY2d 1082).

Here, the victim's statement that "she had been punched and choked" was, as testified to by the witness, relevant to diagnosis and treatment and, thus, properly admitted (see, People v Harris, 151 AD2d 981, 982, lv denied 74 NY2d 810). On the other hand, that portion of the statement identifying defendant as the perpetrator was not, in our view, relevant to diagnosis and treatment and should have been excluded (see, People v Torres, supra, at 636; People v Harris, 132 AD2d 940).* Upon excising that portion of the statement, however, we conclude that, under the circumstances herein and the proof submitted, the jury "would almost certainly" have found defendant guilty

---

* Although we held it was proper in People v Caccese (211 AD2d 976, 977, lv denied 86 NY2d 780) for a hospital nurse to testify to the victim's statements identifying the defendant as the cause of the bruises on his hand, we find the facts there sufficiently distinguishable from the facts of this case.

(*People v Crimmins*, 36 NY2d 230, 242). Furthermore, we find no significant probability that the jury would have acquitted defendant had the error not occurred (*see, id.*). Accordingly, we find the error harmless.

Mercure, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.