■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORNE E. HENRY, Appellant. [741 NYS2d 774] —Appeal from a judgment of Niagara County Court (Hannigan, J.), entered November 19, 1996, convicting defendant after a jury trial of, inter alia, assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [2]) and intimidating a victim or witness in the second degree (§ 215.16 [2]). Contrary to defendant's contention, the verdict is not against the weight of the evidence. The jury was entitled to credit the testimony of both the victim and an eyewitness that defendant assaulted the victim with a metal pipe and, upon our review of the record, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (*see People v Bleakley,* 69 NY2d 490, 495). Contrary to defendant's further contention, the prosecutor's remarks on summation concerning the eyewitness constituted fair comment on the evidence (*see People v Castro,* 281 AD2d 935, 936, *lv denied* 96 NY2d 860). Further, even assuming, arguendo, that the prosecutor's remarks on summation concerning the alibi witness were not fair comment on the evidence, we would nevertheless conclude that they "were not so inflammatory or improper as to deny defendant a fair trial" (*People v Spirles,* 275 AD2d 980, 982, *lv denied* 96 NY2d 807; *see generally People v Galloway,* 54 NY2d 396, 401). Defendant's remaining contentions are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review

them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Burns and Lawton, JJ.