■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE T. ORCUTT, Appellant. [860 NYS2d 924]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered December 18, 2006. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed for criminal sexual act in the first degree to a determinate term of incarceration of six years and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal sexual act in the first degree (Penal Law § 130.50 [3]) and endangering the welfare of a child (Penal Law § 260.10 [1]). Defendant concedes that he failed to preserve for our review his contention that County Court erred in failing to give a limiting instruction concerning the evidence of uncharged crimes, and we reject his contention that the jury charge was "so deficient as to amount to no charge at all" such that preservation was not required (*People v Williams*, 50 NY2d 996, 998 [1980]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant

further contends that he was denied effective assistance of counsel because defense counsel failed to request the limiting instructions and registered only one objection during the three-day trial. "Although the failure to request limiting instructions may constitute ineffective assistance of counsel if the error were so serious that defendant did not receive a fair trial," that is not the case here (*People v Carey*, 244 AD2d 952, 953 [1997], *lv denied* 92 NY2d 849 [1998]), and defendant has "failed to satisfy the well-settled, high burden of showing that he was deprived of a fair trial and meaningful representation sufficient to warrant a reversal" (*People v Flores*, 84 NY2d 184, 189 [1994]; *see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

The record belies the further contention of defendant that the court failed to make a determination of his eligibility for youthful offender treatment, inasmuch as defense counsel stated on the record that the court had rejected such treatment. In any event, defendant was not eligible for youthful offender treatment. He was convicted of criminal sexual act in the first degree (*see* CPL 720.10 [2] [a] [iii]), and the exceptions set forth in CPL 720.10 (3) do not apply (*see People v Victor J.*, 283 AD2d 205, 206-207 [2001], *lv denied* 96 NY2d 942 [2001]).

We agree with defendant, however, that the sentence is unduly harsh and severe. Thus, as a matter of discretion in the interest of justice (*see generally* CPL 470.15 [6] [b]), we modify the judgment by reducing the sentence imposed for criminal sexual act in the first degree to a determinate term of incarceration of six years. Present—Hurlbutt, J.P., Smith, Fahey, Green and Pine, JJ.