■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY R. THOMAS, Appellant. [861 NYS2d 901]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered December 10, 2003. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and rape in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [1]) and rape in the third degree (§ 130.25 [2]), defendant contends that he was denied effective assistance of counsel, based primarily on his contentions that defense counsel was not familiar with the contents of the victim's medical records and that defense counsel did not move to have certain portions of those records redacted. Contrary to defendant's first contention,

the record on appeal establishes that defense counsel was in fact familiar with the contents of the victim's medical records. With respect to defendant's second contention, we conclude that defense counsel's failure to move to redact certain portions of the records did not deprive defendant of meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). The medical records were admissible (*see* CPLR 4518 [c]), and the statements of the victim in those records indicating that she was raped or sexually abused were germane to her treatment (*see People v Bradley*, 15 AD3d 840, 841 [2005], *lv denied* 4 NY3d 851 [2005]; *see generally People v Edwards*, 261 AD2d 899, 900 [1999], *lv denied* 93 NY2d 1017 [1999]). Although the statements of the victim in the medical records concerning the identity of the perpetrator were not germane to her treatment (*see People v Thomas*, 282 AD2d 827, 828 [2001], *lv denied* 96 NY2d 925 [2001]; *People v Torres*, 175 AD2d 635, 636-637 [1991], *lv denied* 78 NY2d 1082 [1991]), we conclude that defendant "failed to satisfy the well-settled, high burden of showing that he was deprived of a fair trial and meaningful representation sufficient to warrant a reversal" based on defense counsel's failure to seek redaction of those statements from the medical records (*People v Flores*, 84 NY2d 184, 189 [1994]; *see People v Orcutt*, 51 AD3d 1404 [2008]). Identity was not at issue in the trial, and thus any error in the admission of those portions of the medical records is harmless (*see Thomas*, 282 AD2d at 828-829; *Torres*, 175 AD2d at 636-637; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). We have reviewed defendant's remaining contentions concerning the alleged ineffective assistance of counsel and conclude that defendant received meaningful representation (*see generally Baldi*, 54 NY2d at 147).

Defendant failed to preserve for our review his contentions that the conviction is not supported by legally sufficient evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Gray*, 86 NY2d 10, 19 [1995]), and that prosecutorial misconduct on summation warrants reversal (*see People v Johnston*, 43 AD3d 1273, 1274-1275 [2007], *lv denied* 9 NY3d 1007 [2007]; *People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]). In any event, we conclude that those contentions lack merit. Contrary to the final contention of defendant, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The testimony of the victim was not incredible as a matter of law, and the jury was entitled to credit that testimony (*see People v Reid*, 281 AD2d 986 [2001], *lv denied* 96 NY2d 923 [2001]; *People v Bell*, 234 AD2d 915, 915-916 [1996],

*lv denied* 89 NY2d 1009 [1997]). Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.