THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN A. McNAUGHTON, Appellant. [872 NYS2d 336]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperazza, J.), rendered June 12, 2007. The judgment convicted defendant, upon a jury verdict of, inter alia, rape in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of rape in the first degree (Penal Law § 130.35 [1]) and one count each of attempted rape in the first degree (§§ 110.00, 130.35 [1]), and criminal sexual act in the first degree (§ 130.50 [1]). We reject defendant's contention that the evidence is legally insufficient to support the conviction with respect to those crimes requiring the element of forcible compulsion. The victim testified at trial that she told defendant to stop "[p]robably like at least four, five times" and that she repeatedly tried to push defendant away. In addition, a nurse who examined the victim shortly after the incident testified that she found that the area between the victim's genitals and rectum was "totally bruised . . . [and] looked like a pulp." We thus conclude "that the jury could reasonably infer that the sexual contact was perpetrated by forcible compulsion" (*People v Bailey*, 252 AD2d 815, 817 [1998], *lv denied* 92 NY2d 922 [1998]; *see People v Bones*, 309 AD2d 1238 [2003], *lv denied* 1 NY3d 568 [2003]).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The jury was entitled to credit the testimony of the victim (*see People v Thomas*, 53 AD3d 1099, 1100-1101 [2008], *lv denied* 11 NY3d 795 [2008]), and we accord great deference to the jury's "opportunity to view the witnesses, hear the testimony and observe demeanor" (*Bleakley*, 69 NY2d at 495).

Finally, the sentence is not unduly harsh or severe. Present— Smith, J.P., Centra, Peradotto and Gorski, JJ.