People v Nelson (2022 NY Slip Op 00015)





People v Nelson


2022 NY Slip Op 00015


Decided on January 04, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 04, 2022

Before: Gische, J.P., Singh, Mendez, Shulman, Pitt, JJ. 


Ind. No. 4575/16 Appeal No. 14940 Case No. 2018-4500 

[*1]The People of the State of New York, Respondent,
v
Tyrone Nelson, Defendant-Appellant.


Caprice R. Jenerson, Office of The Appellate Defender, New York (Samantha Bosalavage of the bar of the State of Louisiana, admitted pro hac vice of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.



Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered May 8, 2018, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of three to six years, unanimously affirmed.
The court providently exercised its discretion in admitting evidence that defendant threatened to kill one of the victims several hours before he thrust a knife through a bedroom door, injuring the second victim, as well as evidence that both victims heard the sounds of what they thought was defendant slapping his female companion shortly before the attack with the knife. This evidence of other crimes or bad acts was admissible to complete the narrative and provided background information, which explained aspects of the victims' behavior, and was also relevant to defendant's intent (see generally People v Alvino , 71 NY2d 233, 242 [1987]). Defendant's arguments relating to alleged deficiencies in the court's limiting instructions are unpreserved and we decline to review them in the interest of justice.
Most of the second victim's statement to an emergency medical technician during a 911 call, regarding how he came to be stabbed in the head through the bedroom door, was admissible under the hearsay exception for statements made for the purpose of medical diagnosis or treatment. Insofar as the statement indicated that defendant was the stabber and that the victim was pressing his body against the bedroom door to keep defendant out of the bedroom, the statement exceeded the bounds of that hearsay exception, because these facts were not germane to diagnosis or treatment (see People v Thomas , 282 AD2d 827, 828 [3d Dept 2001, lv denied 96 NY2d 925 [2001]). However, this error was plainly harmless because the jury already knew this information through other admissible evidence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2022