People v Osorio (2020 NY Slip Op 00761)





People v Osorio


2020 NY Slip Op 00761


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1193 KA 17-01357

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WIGBERTO OSORIO, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (J. SCOTT PORTER OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered June 22, 2017. The judgment convicted defendant upon a jury verdict of murder in the second degree, attempted kidnapping in the second degree, gang assault in the first degree, assault in the first degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [3]), attempted kidnapping in the second degree
(§§ 110.00, 135.20), gang assault in the first degree (§ 120.07), and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant's conviction stems from an incident in which a group of men brutally beat the victim with baseball bats and attempted to kidnap him before defendant's codefendant shot the victim multiple times, killing him.
We reject defendant's contention that the testimony of the accomplice who testified at trial was insufficiently corroborated (see People v Smith, 150 AD3d 1664, 1665 [4th Dept 2017], lv denied 30 NY3d 953 [2017]; People v Highsmith, 124 AD3d 1363, 1364 [4th Dept 2015], lv denied 25 NY3d 1202 [2015]). Here, other testimony at trial established that defendant made statements to the police demonstrating a motive to harm the victim, and that defendant, the codefendant, and another participant in the crime were close friends (see People v Garcia, 170 AD3d 462, 463 [1st Dept 2019], lv denied 33 NY3d 1069 [2019]). There was also testimony that defendant, the codefendant, and two other participants were seen together just hours before the murder, and that defendant was holding a baseball bat and asking where the victim was at that time (see People v Strauss, 155 AD3d 1317, 1319 [3d Dept 2017], lv denied 31 NY3d 1122 [2018]). Additionally, forensic evidence substantiated much of the accomplice's testimony, and testimony of eyewitnesses at and near the scene of the crime harmonized with the accomplice's testimony. We conclude that the corroborative evidence " tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth' " (People v Reome, 15 NY3d 188, 192 [2010]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant next contends that the integrity of the grand jury proceeding was impaired by the testimony of two witnesses who admitted that they lied during part of their testimony. We reject that contention, as we did in the codefendant's appeal, because, "inasmuch as the prosecutor did not knowingly offer perjured testimony and there was sufficient evidence before the grand jury to support the charges without considering the perjured testimony, dismissal of the indictment was not required" (People v Cruz-Rivera, 174 AD3d 1512, 1513 [4th Dept 2019]). [*2]We also reject defendant's further contention that County Court erred in denying his request for a missing witness charge because, as we concluded in the codefendant's appeal, "[t]he People demonstrated that the witness was uncooperative with them and thus not under their control" (id. at 1514).
Contrary to defendant's final contention, the sentence is not unduly harsh or severe. We note, however, that the certificate of conviction contains errors that must be corrected (see id.). First, the certificate of conviction incorrectly reflects that defendant was convicted of murder in the second degree pursuant to Penal Law
§ 125.25 (1), and it must therefore be amended to reflect that he was convicted of murder in the second degree pursuant to section 125.25 (3). Second, the certificate of conviction incorrectly reflects that defendant was convicted of criminal possession of a weapon in the third degree pursuant to Penal Law § 265.03 (3), and it must therefore be amended to reflect that he was convicted of criminal possession of a weapon in the third degree pursuant to section 265.02 (1). Third, the certificate of conviction incorrectly reflects that defendant was sentenced to 3&frac13; to 7 years for criminal possession of a weapon in the third degree, and it must therefore be amended to reflect that he was sentenced to 3½ to 7 years for that conviction. Lastly, the certificate of conviction incorrectly reflects that defendant was sentenced on July 15, 2016, and it must therefore be amended to reflect the correct sentencing date of June 22, 2017.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court