People v Green (2020 NY Slip Op 00765)





People v Green


2020 NY Slip Op 00765


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.


1217 KA 16-01992

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANGNEM G. GREEN, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (JEFFERY FRIESEN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered May 26, 2016. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed on each count to a determinate term of imprisonment of seven years and three years of postrelease supervision, and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of three counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that he was deprived of a fair trial because the prosecutor stated during voir dire that crack cocaine, unlike marihuana, was "hardcore stuff." Inasmuch as defendant did not object to the prosecutor's comment, his contention is unpreserved for our review (see CPL 470.05 [2]). In any event, even assuming, arguendo, that the comment was improper, we conclude that it was not so egregious or prejudicial as to deprive defendant of a fair trial (see generally People v Jackson, 108 AD3d 1079, 1080 [4th Dept 2013], lv denied 22 NY3d 997 [2013]; People v Miller, 104 AD3d 1223, 1223-1224 [4th Dept 2013], lv denied 21 NY3d 1017 [2013]; People v South, 233 AD2d 910, 910 [4th Dept 1996], lv denied 89 NY2d 989 [1997]).
We reject defendant's further contention that he was deprived of a fair trial because County Court failed to excuse a juror who said during voir dire that she knew "a gentleman who was high up in the state troopers. He's retired now." When asked by defense counsel how she would feel about serving on the jury, the juror answered "I don't think it would affect me. I just wanted to let you know that I did know him." Neither side challenged the juror for cause. Even assuming, arguendo, that the court erred in failing, sua sponte, to excuse the prospective juror for cause, we conclude that "the error does not require reversal because defendant had not exhausted his peremptory challenges and did not peremptorily challenge that prospective juror" (People v Arguinzoni, 48 AD3d 1239, 1241 [4th Dept 2008], lv denied 10 NY3d 859 [2008]; see People v Simmons, 119 AD3d 1343, 1344 [4th Dept 2014], lv denied 24 NY3d 964 [2014], reconsideration denied 24 NY3d 1088 [2014]).
We agree with defendant, however, that the 10-year determinate sentence is unduly harsh and severe considering that defendant has no violent crimes on his record and was offered the opportunity to plead guilty to the charges in the indictment in exchange for a prison sentence of five years. It does not appear that any facts were revealed at trial that were unknown to the People or the court at the time the sentence promise was made. Under the circumstances, we modify the judgment as a matter of discretion in the interest of justice by reducing the sentence on each count to a determinate term of imprisonment of seven years plus three years of postrelease supervision (see CPL 470.15 [6] [b]).
We have reviewed defendant's remaining contentions and conclude that none warrants further modification or reversal of the judgment.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court