People v Carpenter (2020 NY Slip Op 05355)





People v Carpenter


2020 NY Slip Op 05355


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND WINSLOW, JJ.


525 KA 18-00492

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON E. CARPENTER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered January 26, 2018. The judgment convicted defendant upon a jury verdict of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law
§ 120.05 [1]), arising from an altercation in which defendant punched the victim in the face. We affirm.
Defendant contends that he was deprived of a fair trial because, even in the absence of a for-cause challenge from either side, County Court should have excluded two prospective jurors who purportedly exhibited actual bias (CPL 270.20 [1] [b]) and another prospective juror who had an implied bias (CPL 270.20 [1] [c]). We reject that contention. Even assuming, arguendo, that the court erred in failing, sua sponte, to exclude the prospective jurors for cause, we conclude that "the error does not require reversal because defendant had not exhausted his peremptory challenges and did not peremptorily challenge th[e] prospective juror[s]" (People v Arguinzoni, 48 AD3d 1239, 1241 [4th Dept 2008], lv denied 10 NY3d 859 [2008]; see CPL 270.20 [2]; People v Green, 179 AD3d 1516, 1516 [4th Dept 2020], lv denied 35 NY3d 93 [2020], reconsideration denied 35 NY3d 1045 [2020]). Contrary to defendant's related contention, we conclude on this record that defendant has "failed to establish that defense counsel lacked a legitimate strategy in choosing not to challenge th[e] prospective jurors" (People v Mahoney, 175 AD3d 1034, 1035 [4th Dept 2019], lv denied 35 NY3d 943 [2020]; see People v Maffei, 35 NY3d 264, 265-274 [2020]; People v Barboni, 21 NY3d 393, 406-407 [2013]). To the extent that defendant's contention is dependent on matters outside the record on direct appeal, "the appropriate procedure for the litigation of defendant's challenge to his counsel's performance is a CPL 440.10 motion" (Maffei, 35 NY3d at 266).
Defendant's contention that the evidence is legally insufficient because the testimony of the People's witnesses was inconsistent is not preserved for our review inasmuch as defendant did not raise that ground in support of his motion for a trial order of dismissal (see People v Graham, 174 AD3d 1486, 1490 [4th Dept 2019], lv denied 34 NY3d 1016 [2019]; People v Whitfield, 255 AD2d 924, 924-925 [4th Dept 1998], lv denied 93 NY2d 981 [1999]; see generally People v Gray, 86 NY2d 10, 19 [1995]). We reject defendant's related contention that he was denied effective assistance of counsel because defense counsel failed to preserve that challenge for our review. "A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]; see People v Bell, 176 AD3d 1634, 1635 [4th Dept 2019], lv denied 34 NY3d 1075 [2019]).
Contrary to defendant's further contention, we conclude that the evidence is legally sufficient to establish that the victim sustained a serious physical injury in the form of protracted impairment of health (Penal Law § 10.00 [10]). The People presented testimony and medical records establishing that the victim sustained multiple, extensive facial fractures, which required surgery and the permanent placement of a plate in her face. The victim experienced pain and difficulty eating for months after the incident, and she continued to experience shooting pains and numbness at the time of trial as a result of nerve damage that, according to the medical evidence, may never resolve (see People v Payne, 115 AD3d 439, 440 [1st Dept 2014], lv denied 23 NY3d 1041 [2014]; People v Ford, 114 AD3d 1273, 1274 [4th Dept 2014], lv denied 23 NY3d 962 [2014]; People v Nicholson, 97 AD3d 968, 969 [3d Dept 2012], lv denied 19 NY3d 1104 [2012]; cf. People v Stewart, 18 NY3d 831, 832-833 [2011]).
We also reject defendant's alternative contention that the verdict is against the weight of the evidence due to inconsistencies in the testimony of the People's witnesses. Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the "inconsistencies are not so substantial as to render the verdict against the weight of the evidence" (People v Bailey, 90 AD3d 1664, 1666 [4th Dept 2011], lv denied 19 NY3d 861 [2012]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Here, the " '[i]ssues of identification and credibility, including the weight to be given to inconsistencies in testimony, were properly considered by the jury[,] and there is no basis for disturbing its determinations' " (People v Odums, 121 AD3d 1503, 1504 [4th Dept 2014], lv denied 26 NY3d 1042 [2015]; see People v Sommerville, 159 AD3d 1515, 1516 [4th Dept 2018], lv denied 31 NY3d 1121 [2018]).
With respect to the remaining instances of purported ineffective assistance raised by defendant on appeal, we conclude that defendant has failed to demonstrate a lack of strategic or other legitimate explanations for defense counsel's alleged shortcomings (see generally People v Benevento, 91 NY2d 708, 713 [1998]). Finally, contrary to defendant's contention, the sentence is not unduly harsh or severe.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court