People v Stewart (2021 NY Slip Op 01612)





People v Stewart


2021 NY Slip Op 01612


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


259 KA 19-02329

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRY STEWART, DEFENDANT-APPELLANT. 






HAYDEN DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered October 31, 2019. The judgment convicted defendant upon a jury verdict of, inter alia, aggravated unlicensed operation of a motor vehicle in the first degree (two counts) and driving while intoxicated as a misdemeanor. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [i], [ii]) and one count of driving while intoxicated as a misdemeanor (§§ 1192 [3]; 1193 [1] [b] [i]). Contrary to defendant's contention, County Court properly denied his motion to suppress the statement that he made at the police station following his arrest. The record supports the court's determination that the statement was "genuinely spontaneous and was not the product of interrogation or its functional equivalent" (People v Tomion, 174 AD3d 1495, 1496 [4th Dept 2019], lv denied 34 NY3d 1019 [2019]; see People v Bumpars, 178 AD3d 1379, 1380 [4th Dept 2019]). The statement was not made in response to a question or statement by the officer. Instead, it was "a blurted out admission, . . . which [wa]s in effect forced upon the officer" (People v Grimaldi, 52 NY2d 611, 617 [1981]; see Tomion, 174 AD3d at 1496).
We reject defendant's further contentions that the court erred in denying his for-cause challenges to certain prospective jurors and in failing sua sponte to exclude an additional prospective juror for cause. Even assuming, arguendo, that the court erred, we conclude that the errors do not require reversal because defendant did not exhaust his peremptory challenges (see People v Carpenter, 187 AD3d 1556, 1557 [4th Dept 2020], lv denied 36 NY3d 970 [2020]; People v Arguinzoni, 48 AD3d 1239, 1241 [4th Dept 2008], lv denied 10 NY3d 859 [2008]). Contrary to defendant's related contention, defendant has " 'failed to establish that defense counsel lacked a legitimate strategy in choosing not to challenge' " the additional prospective jurors or others (Carpenter, 187 AD3d at 1557). Indeed, we conclude that counsel provided defendant with meaningful representation throughout the proceedings (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant next contends that the conviction is based on insufficient evidence that he was operating the vehicle. We reject that contention. The arresting officer testified that, before he pulled the vehicle over, he observed defendant operating the vehicle erratically and that, after he pulled the vehicle over, he observed defendant switching seats with his girlfriend, who was sitting in the passenger seat. We thus conclude that there is a valid line of reasoning and permissible inferences that could lead a rational jury to find the elements of the crimes proved beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349 [2007]). Although defendant's girlfriend testified at trial that she, not defendant, had been operating the vehicle, [*2]viewing the evidence in light of the elements of the crimes as charged to the jury (see id.), we further conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, the sentence is not unduly harsh or severe.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court