People v Case (2021 NY Slip Op 04868)





People v Case


2021 NY Slip Op 04868


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND DEJOSEPH, JJ.


608 KA 18-01836

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT G. CASE, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JOHN J. MORRISSEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 


 Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered February 26, 2018. The judgment convicted defendant upon a jury verdict of rape in the first degree and unlawful imprisonment in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [1]) and unlawful imprisonment in the first degree (§ 135.10), defendant contends that the allegedly improper admission of evidence of prior bad acts denied him a fair trial. We reject that contention. "Evidence of a defendant's prior bad acts may be admissible when it is relevant to a material issue in the case other than defendant's criminal propensity" (People v Dorm, 12 NY3d 16, 19 [2009]). Contrary to defendant's assertion, we are not limited in our review of County Court's multi-pronged Molineux/Ventimiglia ruling to the grounds overtly stated by the court in its decision (see People v Garrett, 23 NY3d 878, 885 n 2 [2014], rearg denied 25 NY3d 1215 [2015]). Here, the victim's testimony concerning uncharged acts that preceded the events charged in the indictment was admissible "to complete the narrative of the events charged in the indictment . . . , [to] provide[ ] necessary background information" (People v Workman, 56 AD3d 1155, 1156 [4th Dept 2008], lv denied 12 NY3d 789 [2009] [internal quotation marks omitted]; see People v Griffin, 111 AD3d 1413, 1414-1415 [4th Dept 2013], lv denied 23 NY3d 1037 [2014]; People v Justice, 99 AD3d 1213, 1215 [4th Dept 2012], lv denied 20 NY3d 1012 [2013]), and to place "the charged conduct in context" (People v Leeson, 12 NY3d 823, 827 [2009] [internal quotation marks omitted]; see People v Maxey, 129 AD3d 1664, 1665 [4th Dept 2015], lv denied 27 NY3d 1002 [2016], reconsideration denied 28 NY3d 933 [2016]). We further conclude that the court did not abuse its discretion in admitting the evidence at issue (see Dorm, 12 NY3d at 19; see generally People v Henson, 33 NY2d 63, 72 [1973]; People v Molineux, 168 NY 264, 293-294 [1901]). Furthermore, even assuming, arguendo, that the court erred in admitting any part of the evidence, we conclude that such error is harmless (see generally People v Frankline, 27 NY3d 1113, 1115 [2015]; People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Defendant further contends that the court failed to conduct a sufficiently particularized analysis of the admission of evidence of certain of the prior bad acts and failed to weigh the probative value of the evidence against its prejudice. Inasmuch as defendant did not raise those contentions in the trial court, he failed to preserve them for our review (see CPL 470.05 [2]; People v Woods, 72 AD3d 1563, 1564 [4th Dept 2010], lv denied 15 NY3d 811 [2010]). In any event, the record "reflects that [the court] was aware of its obligation to balance the probative value of such evidence against its prejudicial effect" (People v Brown, 128 AD3d 1183, 1186 [3d Dept 2015], lv denied 27 NY3d 993 [2016]; see People v Pigford, 148 AD3d 1299, 1302 [3d Dept 2017], lv denied 29 NY3d 1085 [2017]; People v Meseck, 52 AD3d 948, 950 [3d Dept 2008], lv denied 11 NY3d 739 [2008]) and that the court engaged in such a balancing here. In addition, defendant "failed to preserve for our review his contention[] that . . . the court's Molineux instruction was inadequate" (People v Dei, 2 AD3d 1459, 1460 [4th Dept 2003], lv [*2]denied 1 NY3d 626 [2004]; see generally People v Winston, 169 AD3d 1361, 1362-1363 [4th Dept 2019], lv denied 33 NY3d 983 [2019]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice.
We agree with defendant that the court erred in admitting annotated cell phone records in evidence. The People failed to present a foundation for the admission of the cell phone records or the annotations thereon (see People v Jones, 158 AD3d 1103, 1105 [4th Dept 2018]), therefore they should have been excluded (see People v Ramos, 13 NY3d 914, 914-915 [2010]). Especially in light of the extensive use that defense counsel made of the records to support the defense, however, we conclude that any error in the admission of those records is harmless because the evidence of guilt is overwhelming and there is no significant probability that the error infected the verdict (see Crimmins, 36 NY2d at 241-242).
Defendant contends that the court erred in denying his challenges for cause to several prospective jurors. Even assuming, arguendo, that the court erred in denying those challenges, we conclude that reversal is not required because defendant failed to exhaust his peremptory challenges (see People v LaValle, 3 NY3d 88, 102 [2004]; People v Lynch, 95 NY2d 243, 248 [2000]; People v Stewart, 192 AD3d 1498, 1499 [4th Dept 2021], lv denied 37 NY3d 960 [2021]).
Defendant further contends that he was denied effective assistance of counsel by a litany of alleged errors, including defense counsel's failure to request additional limiting instructions concerning the Molineux/Ventimiglia evidence, his failure to exhaust the defense's peremptory challenges, and his failure to object to testimony concerning sexual assault and abuse in domestic violence cases and testimony regarding the DNA analysis. We disagree.
" 'Although the failure to request limiting instructions may constitute ineffective assistance of counsel if the error were so serious that defendant did not receive a fair trial' " (People v Orcutt, 51 AD3d 1404, 1405 [4th Dept 2008]), here, defense counsel may have had a strategic reason for failing to request a further limiting instruction inasmuch as he may not have wished to draw further attention to the Molineux/Ventimiglia evidence (see People v Williams, 107 AD3d 1516, 1516-1517 [4th Dept 2013], lv denied 21 NY3d 1047 [2013]; see generally People v Benevento, 91 NY2d 708, 712 [1998]). Contrary to defendant's contention that defense counsel was ineffective in failing to exhaust the defense's peremptory challenges in order to protect defendant's ability to contest the court's denial of his challenges for cause, defendant "failed to establish that defense counsel lacked a legitimate strategy in choosing not to challenge" any additional prospective jurors (People v Mahoney, 175 AD3d 1034, 1035 [4th Dept 2019], lv denied 35 NY3d 943 [2020]; see Stewart, 192 AD3d at 1499; People v Carpenter, 187 AD3d 1556, 1557 [4th Dept 2020], lv denied 36 NY3d 970 [2020]). Similarly, defendant's contentions concerning the domestic violence testimony, the prosecutor's remarks on that testimony during summation, and the testimony of a forensic scientist regarding the DNA analysis are "based largely on [defendant's] hindsight disagreements with . . . trial strategies, and defendant failed to meet his burden of establishing the absence of any legitimate explanations for those strategies" (People v Rogers, 70 AD3d 1340, 1341 [4th Dept 2010], lv denied 14 NY3d 892 [2010], cert denied 562 US 969 [2010] [internal quotation marks omitted]). Upon our review of all of defendant's allegations of error concerning the representation provided by defense counsel, we conclude that defendant "failed to satisfy the well-settled, high burden of showing that he was deprived of a fair trial and meaningful representation sufficient to warrant a reversal" (People v Flores, 84 NY2d 184, 189 [1994]; see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, the sentence is not unduly harsh or severe.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court