People v Clinton (2023 NY Slip Op 06675)

People v Clinton

2023 NY Slip Op 06675

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND NOWAK, JJ.

978 KA 19-02220

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
COREY CLINTON, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (PAUL SKIP LAISURE OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered August 16, 2019. The judgment convicted defendant upon a jury verdict of murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]), stemming from the shooting death of the victim. We affirm.
Defendant contends that County Court erred in granting the People's for-cause challenge to a prospective juror. Because defendant failed to object to the court's ultimate ruling on that for-cause challenge after the court conducted additional voir dire of the prospective juror, thereby acquiescing in the ruling, we conclude that defendant's contention is unpreserved for our review (see CPL 470.05 [2]; People v Smith, 200 AD3d 1689, 1691 [4th Dept 2021], lv denied 38 NY3d 954 [2022]; People v Crumpler, 163 AD3d 1457, 1460 [4th Dept 2018], lv denied 32 NY3d 1003 [2018], reconsideration denied 32 NY3d 1125 [2018]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant also contends that his conviction of criminal possession of a weapon in the second degree under count 3 of the indictment (Penal Law § 265.03 [3]) is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]). Defendant failed to raise a constitutional challenge before the trial court, however, and therefore any such contention is unpreserved for our review (see People v Jacque-Crews, 213 AD3d 1335, 1335-1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]; see generally People v Davidson, 98 NY2d 738, 739-740 [2002]; People v Reinard, 134 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied 580 US 969 [2016]). Contrary to defendant's contention, his "challenge to the constitutionality of [his conviction under the] statute must be preserved" (People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006], rearg denied 7 NY3d 742 [2006]; see People v Cabrera, — NY3d &mdash, &mdash, 2023 NY Slip Op 05968, *2-7 [2023]), and the mode of proceedings exception to the preservation requirement does not apply (see People v David, — NY3d &mdash, &mdash, 2023 NY Slip Op 05970, *3-4 [2023]). We decline to exercise our power to review defendant's constitutional challenge as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Finally, contrary to defendant's contention, the court did not err in imposing consecutive sentences. The court sentenced defendant to, inter alia, an indeterminate term of 25 years to life on the murder count, and a consecutive determinate term of five years, plus five years of [*2]postrelease supervision, on count 3 of the indictment charging him with "simple" weapon possession (Penal Law § 265.03 [3]). When a defendant is so charged, "[s]o long as [the] defendant knowingly unlawfully possesses a loaded firearm before forming the intent to cause a crime with that weapon, the possessory crime has already been completed, and consecutive sentencing is permissible" (People v Brown, 21 NY3d 739, 751 [2013]; see People v Malloy, 33 NY3d 1078, 1080 [2019]).
Here, the evidence at trial establishes that, on the night of the shooting, defendant and the victim were talking outside a corner store. After about 10 to 15 minutes of conversation, defendant pulled out a gun and shot the victim once in the head. We conclude that the evidence "support[ed] the conclusion that defendant possessed the weapon for a sufficient period of time before forming the specific intent to kill" (Malloy, 33 NY3d at 1080; see People v Belton, 199 AD3d 1373, 1375 [4th Dept 2021], lv denied 37 NY3d 1159 [2022]; People v Evans, 132 AD3d 1398, 1399 [4th Dept 2015], lv denied 26 NY3d 1087 [2015]).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court