People v Williams (2026 NY Slip Op 00701)

People v Williams

2026 NY Slip Op 00701

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, OGDEN, DELCONTE, AND HANNAH, JJ.

784 KA 24-00488

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vDEMETRIUS WILLIAMS, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (LEAH N. FARWELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (JERRY MARTI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered May 19, 2022. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). The prosecution stems from defendant's possession of a firearm and his use of that firearm to shoot a victim in the neck outside of a house party.
Viewing the evidence in light of the elements of the crimes of which defendant was convicted as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject his contention that the verdict with respect to those crimes is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Indeed, a different verdict with respect to those crimes would have been unreasonable in light of the multiple eyewitness accounts and the surveillance footage admitted at trial (see generally Danielson, 9 NY3d at 348).
Contrary to defendant's further contention, County Court did not err in imposing consecutive sentences. When a defendant is charged with "simple" weapon possession (Penal Law § 265.03 [3]), "[s]o long as [the] defendant knowingly unlawfully possesses a loaded firearm before forming the intent to cause a crime with that weapon, the possessory crime has already been completed, and consecutive sentencing is permissible" (People v Brown, 21 NY3d 739, 751 [2013]; see People v Malloy, 33 NY3d 1078, 1080 [2019]). Here, the evidence at trial establishes that, on the night of the shooting, defendant and others at the house party were outside several minutes before defendant pulled out the gun and shot the victim, and thus the evidence "support[s] the conclusion that defendant possessed the weapon for a sufficient period of time before forming the specific intent to [cause the victim serious physical injury]" (Malloy, 33 NY3d at 1080; see People v Clinton, 222 AD3d 1427, 1429 [4th Dept 2023], lv denied 41 NY3d 1017 [2024]; People v Porteous, 219 AD3d 757, 759 [2d Dept 2023], lv denied 40 NY3d 1081 [2023]).
Defendant further contends that he received ineffective assistance of counsel based upon, inter alia, defense counsel's failure to request a Molineux instruction and his failure to object to statements made by the prosecutor during summation. " 'Although the failure to request limiting instructions may constitute ineffective assistance of counsel if the error were so serious that defendant did not receive a fair trial' " (People v Orcutt, 51 AD3d 1404, 1405 [4th Dept 2008]), here, defense counsel may have had a strategic reason for failing to request a Molineux limiting instruction inasmuch as he may not have wished to draw further attention to the admitted Molineux evidence (see People v Case, 197 AD3d 985, 988 [4th Dept 2021], lv denied 37 NY3d [*2]1160 [2022]). Even assuming, arguendo, that any of the prosecutor's comments during summation exceeded the bounds of propriety, we conclude that they were "not so pervasive or egregious as to deprive defendant of a fair trial" (People v Jackson, 108 AD3d 1079, 1080 [4th Dept 2013], lv denied 22 NY3d 997 [2013] [internal quotation marks omitted]). Inasmuch as we conclude "that the prosecutor either did not engage in misconduct, or that any error did not deny defendant a fair trial, we conclude that defendant was not denied effective assistance of counsel based on counsel's failure to object" (People v Garrow, 171 AD3d 1542, 1547 [4th Dept 2019], lv denied 34 NY3d 931 [2019]). Upon our review of all of defendant's allegations of error concerning the representation provided by defense counsel, we conclude that defendant " 'failed to satisfy the well-settled, high burden of showing that he was deprived of a fair trial and meaningful representation sufficient to warrant a reversal' " (Case, 197 AD3d at 988, quoting People v Flores, 84 NY2d 184, 189 [1994]; see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, the sentence is not unduly harsh or severe.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court