People v Crews
2026 NY Slip Op 04079
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHAUNCEY M. CREWS, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
365 KA 24-01737
Present: Lindley, J.P., Curran, Ogden, Greenwood, And Delconte, JJ.

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROCE OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered October 11, 2023. The judgment convicted defendant upon a jury verdict of rape in the first degree and criminal sexual act in the first degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law former § 130.35 [1]) and criminal sexual act in the first degree (former § 130.50 [1]), arising out of an incident where defendant engaged in vaginal and oral sexual conduct with the complainant by forcible compulsion. We affirm.
Defendant contends that Supreme Court erred in denying his motion seeking, inter alia, to strike the People's certificate of compliance (COC) and supplemental COCs and to dismiss the indictment on statutory speedy trial grounds (see CPL 30.30), arguing that the People's failure to timely disclose certain body-worn camera (BWC) footage rendered the COCs improper (see CPL 30.30 [former (5)]; 245.50 [former (1)]), thereby rendering the statement of readiness illusory and insufficient to stop the running of the speedy trial clock (see People v Geer, 224 AD3d 1353, 1354 [4th Dept 2024], lv denied 42 NY3d 970 [2024]; see generally People v Gaskin, 214 AD3d 1353, 1354 [4th Dept 2023]).
Assuming, arguendo, that defendant's motion, made after the start of jury selection, was not untimely (cf. People v Deas, 226 AD3d 823, 826-827 [2d Dept 2024], lv denied 42 NY3d 969 [2024]; see generally CPL 210.20 [2]; People v Crespo, 32 NY3d 176, 182-183 [2018], cert denied 589 US 929 [2019]), inasmuch as it was made "as soon as practicable" once defendant learned about the untimely disclosed BWC footage (CPL former 245.50 [4] [c]), we nevertheless conclude that the court did not err in refusing to strike the COCs and dismiss the indictment on statutory speedy trial grounds. Specifically, considering the various Bay factors (see People v Bay, 41 NY3d 200, 212 [2023]), we conclude that the court did not err in determining that the People met their burden of establishing that they exercised due diligence in obtaining the BWC footage in question and in disclosing it to defendant. We note that the initial discovery supplied by the People pursuant to their mandatory obligations under CPL article 245 was voluminous and included, among other things, other BWC footage relevant to the case. Further, the prosecutor explained that she had made multiple requests to the police for all BWC footage associated with the case and it is evident that, in connection with those requests, the police initially provided nearly all of that footage to the People. In light of the foregoing, we conclude that "[i]t would not have been particularly obvious to the People that [any additional footage] was missing" (People v Dibble, 247 AD3d 1566, 1568 [4th Dept 2026] [internal quotation marks omitted]; see People v Rojas-Aponte, 242 AD3d 1537, 1540 [4th Dept 2025], lv denied 44 NY3d 1068 [*2][2026]; People v Watkins, 224 AD3d 1342, 1344 [4th Dept 2024], lv denied 41 NY3d 986 [2024]). We further note that it appears from the record that the People disclosed the BWC footage at issue to defendant promptly, once they were able to retrieve it. Simply put, this is not a case where the People denied the existence of clearly discoverable material (see generally Bay, 41 NY3d at 212; People v Lawrence, 231 AD3d 1497, 1500 [4th Dept 2024], lv denied 43 NY3d 945 [2025]). Thus, applying "a holistic assessment of the People's efforts to comply with the automatic discovery provisions, rather than a strict item-by-item test" (People v Cooperman, 225 AD3d 1216, 1220 [4th Dept 2024], citing Bay, 41 NY3d at 212-213), we conclude that the People complied with their obligations under CPL article 245 and that, consequently, the court did not err in refusing to dismiss the indictment pursuant to CPL 30.30. In our view, to conclude that the People did not exercise due diligence with respect to the belatedly disclosed BWC footage here would hew too closely to the "perfect prosecutor" approach expressly rejected by the Court of Appeals (Bay, 41 NY3d at 212 [internal quotation marks omitted]; see Lawrence, 231 AD3d at 1500).
Defendant also contends—based on the People's failure to timely disclose the aforementioned BWC footage—that the court erred in denying his motion to the extent that it sought either dismissal of the indictment or preclusion of the complainant's testimony at trial as a sanction under CPL 245.80 and instead only precluding the People from relying on that footage during their case-in-chief. We reject that contention. Specifically, we conclude that, under the circumstances of this case, the court did not abuse its discretion in fashioning an appropriate sanction (see People v Bookman, 224 AD3d 1269, 1270 [4th Dept 2024]; see generally People v Jenkins, 98 NY2d 280, 284 [2002]). Indeed, we also note that defendant was not prejudiced by any delay in disclosure of the BWC footage in question because the record establishes that he was "given a meaningful opportunity to use the allegedly exculpatory [or impeaching] material to cross-examine the People's witnesses or as evidence during his case" (People v Cortijo, 70 NY2d 868, 870 [1987]; see People v Caruso, 219 AD3d 1682, 1683 [4th Dept 2023]; People v Thomas, 158 AD3d 1135, 1135 [4th Dept 2018], lv denied 31 NY3d 1088 [2018]).
Defendant's contention that the court erred in its substantive Molineux ruling and that the complainant's testimony exceeded the scope of that ruling are unpreserved for our review inasmuch as he did not object to the court's substantive ruling and merely asserted that the factual allegations in the People's Molineux application were too general (see People v Case, 197 AD3d 985, 987 [4th Dept 2021], lv denied 37 NY3d 1160 [2022]; People v Green, 196 AD3d 1148, 1150-1151 [4th Dept 2021], lv denied 37 NY3d 1096 [2021], reconsideration denied 37 NY3d 1161 [2022]). Defendant's further contention that the court erred in failing to give the jury a limiting instruction regarding the Molineux evidence is unpreserved for our review because defendant failed to request a limiting instruction during the complainant's testimony or as part of the court's jury charge and did not object to the court's failure to give one (see People v Hymes, 174 AD3d 1295, 1299-1300 [4th Dept 2019], affd 34 NY3d 1178 [2020]; People v Peterson, 240 AD3d 1194, 1196 [4th Dept 2025], lv denied 44 NY3d 1053 [2025]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot conclude that "the jury failed to give the evidence the weight it should be accorded" (People v Carlson, 184 AD3d 1139, 1141 [4th Dept 2020], lv denied 35 NY3d 1064 [2020] [internal quotation marks omitted]; see People v Turner, 197 AD3d 997, 998 [4th Dept 2021], lv denied 37 NY3d 1061 [2021]; People v Elmore, 175 AD3d 1003, 1005 [4th Dept 2019], lv denied 34 NY3d 1158 [2020]). Here, the video footage of the sexual acts that form the basis for the charges at the center of this case, which was entered in evidence at trial, coupled with the complainant's trial testimony, amply establish that defendant used forcible compulsion to engage in oral and vaginal sexual conduct with the complainant (see generally Penal Law § 130.00 [8] [a], [b]; People v Thompson, 72 NY2d 410, 415-416 [1988], rearg denied 73 NY2d 870 [1989]). Ultimately, we conclude that the jury was in the best position to assess the complainant's credibility (see generally People v Ruiz, 159 AD3d 1375, 1375 [4th Dept 2018]), and we perceive no reason to reject the jury's credibility determination.
Defendant further contends that he was denied effective assistance of counsel by a litany of alleged errors, including, inter alia, defense counsel's failure to request a Molineux limiting instruction and his failure to request an adverse inference instruction with respect to the People's failure to obtain the complainant's cell phone or to preserve the metadata from video clips obtained from the cell phone. " 'Although the failure to request limiting instructions may constitute ineffective assistance of counsel if the error were so serious that defendant did not receive a fair trial' " (People v Orcutt, 51 AD3d 1404, 1405 [4th Dept 2008]), here, defense counsel may have had a strategic reason for failing to request a further limiting instruction with respect to the Molineux evidence inasmuch as the theory of the defense was that defendant and complainant had a fraught and atypical relationship, which included some domestic violence and verbal threats, and that the nature of that relationship provided context for the sexual acts at the center of this case and undermined the assertion that they were the result of forcible compulsion (see generally Case, 197 AD3d at 988; People v Williams, 107 AD3d 1516, 1516-1517 [4th Dept 2013], lv denied 21 NY3d 1047 [2013]).
Further, we conclude that defense counsel was not ineffective in failing to request an adverse inference instruction with respect to the People's failure to preserve complainant's cell phone and preserve metadata from video clips obtained from the cell phone, inasmuch as that request had " 'little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]; see People v Jordan, 232 AD3d 1253, 1255 [4th Dept 2024], lv denied 43 NY3d 930 [2025]). "[A] permissive adverse inference charge should be given where a defendant, using reasonable diligence, has requested evidence reasonably likely to be material, and where that evidence has been destroyed by agents of the state" (People v Handy, 20 NY3d 663, 669 [2013]; see People v Durant, 26 NY3d 341, 348-350 [2015]). Here, defendant was not entitled to such a charge inasmuch as there was no evidence that the People ever possessed—let alone destroyed—the evidence in question (see Jordan, 232 AD3d at 1255; People v Jones, 211 AD3d 1594, 1596-1597 [4th Dept 2022], lv denied 39 NY3d 1111 [2023]; People v Burton, 126 AD3d 1324, 1325-1326 [4th Dept 2015], lv denied 25 NY3d 1199 [2015]).
Defendant's remaining allegations of ineffective assistance of counsel lack merit. Moreover, viewing defense counsel's representation in its totality and as of the time of the representation, including defendant's acquittal on one of the counts charged in the indictment, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant contends that the order of protection issued at the time of sentencing is invalid because it exceeds the maximum permissible duration of such an order, and that the court erred in failing to take into account his jail time credit in determining the duration of the order of protection. As defendant correctly concedes, however, those contentions are unpreserved for our review inasmuch as he did not object to the duration of the order of protection at sentencing (see People v Cook, 118 AD3d 1499, 1500 [4th Dept 2014], lv denied 24 NY3d 959 [2014]; see generally People v Nieves, 2 NY3d 310, 315-317 [2004]), and, under the circumstances of this case, we decline to exercise our discretion to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We conclude that the sentence is not unduly harsh or severe.
Finally, we note that the certificate of disposition and the uniform sentence and commitment form state that defendant was convicted of criminal sexual act in the first degree under Penal Law former § 130.50 without specifying a subdivision, and they must be amended to reflect that he was convicted under Penal Law former § 130.50 (1) (see People v Martinez, 37 AD3d 1099, 1100 [4th Dept 2007], lv denied 8 NY3d 947 [2007]; see generally People v Osorio, 179 AD3d 1512, 1514 [4th Dept 2020], lv denied 35 NY3d 972 [2020]).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court